Weygandt, C. J.
The single question of law before this court for consideration is whether the Court of Appeals was in error in holding that the issue of failure of co-operation is one of law for the court rather than of fact for determination by the jury under the particular circumstances of the instant case.
The authority receiving the most attention by counsel and the lower courts is the decision of this court in the case of Costa, a Minor, v. Cox, 168 Ohio St., 379. The trial court and counsel for the plaintiff assert that it is controlling here, while the Court of Appeals and counsel for the defendants insist that it is not.
The three paragraphs of the syllabus in that case read as follows:
“1. Under the provisions of a liability insurance policy requiring the assistance and co-operation of the insured in the conduct of suits, the failure of the insured to so assist and cooperate is a complete defense to an action seeking to satisfy a judgment as authorized by Section 3929.06, Bevised Code.
“2. Ordinarily an issue of assistance and co-operation is a question of fact to be determined by the jury from all the evidence.
“3. Where an additional insured under the provisions of a liability insurance policy is involved in a collision and then leaves for distant parts unknown to the named insured, such facts do not per se constitute a lack of assistance and co *61 operation thereby relieving the insurer of the duty to defend, but it presents a question of fact for determination by the jury under all the circumstances.”
The trial court summarized the facts in the instant case as follows:
“Ballard, Buckeye Union’s insured, was involved in an accident on March 5,1958, with the plaintiff, Weaver.
“Thereafter, on the 21st of March, 1958, Ballard made a report of the accident to the company. On March 26, 1958, Ballard met with an agent of the company at the latter’s office and gave a full and complete statement as to how the accident happened. The statement indicated he was no.t at fault. A few weeks later, again at the request of the agent, Ballard returned the agent’s telephone call and gave a further statement.
“Thereafter, early in 1959, it was ascertained that Ballard who was a traveling salesman, had moved to Gulfport, Mississippi, suit in the meantime having been filed by Weaver against Ballard on January 19, 1959. The company then wrote several letters to Ballard which were not answered but not returned. The company then obtained a lawyer in Gulfport to contact Ballard, inform him of the date of trial and to offer to pay his expenses to Akron. This the lawyer did in October or November of 1959, and Ballard informed counsel that he would appear in Akron, pay his own expenses and then seek to be reimbursed later.
“The case was set for trial on March 3, 1960. Ballard did not appear and sent no explanation to account for his absence. Due to the condition of the docket the case could not go forward on March 3rd and was continued to March 7, 1960. A telegram was sent to Ballard and apparently received at his address in Gulfport as to the March 7th trial date. Ballard did not appear on March 7th. It was not known on March 7th why Ballard did not appear. Counsel for the company did not ask for a continuance on March 7th and a default judgment was rendered against Ballard for $4,200.
“No further investigation was made as to why Ballard did not appear, and such fact is not known to this time.
' t i # & *
“In my opinion the evidence in this case makes a stronger case for saying that the question of co-operation is a question *62 of fact because, construing the evidence most strongly against Ballard, it can not be said there was any categorical refusal on his part to return. The reason for his failure to attend is not known to this day.”
The Court of Appeals took the opposite view in the following statement:
“To what extent must a casualty company go in securing assistance and co-operation of the insured? In this case, there was co-operation in giving notice of the accident and in submitting a full statement with reference thereto. Beyond such co-operation, Mr. Ballard rendered no assistance, even after effort on the part of the insurer to locate him and advise him of their need of his presence at trial. He was the only eyewitness to the accident, other than the plaintiff, Mr. Weaver. Mr. Ballard did not keep his promise of appearance at the trial, and hence his pledge of assistance was not fulfilled.
U # * #
“We recognize that the rule as laid down in Costa, a Minor, v. Cox, 168 Ohio St., 379, is to the effect that ordinarily an issue of assistance and co-operation is a question of fact to be determined by the jury from all of the evidence. In this case there can be no dispute in the evidence submitted. Mr. Ballard did not appear; his failure to appear has not been explained. Why he breached his contract is not known, nor is evidence presented on that question. The explanation as to why he did not appear does not fall upon the insurer. That burden is upon the one who stands in the shoes of Mr. Ballard. Mr. Ballard must explain why he refused to appear after being requested to do so. Mr. Weaver stands in the place of Mr. Ballard, and if Mr. Ballard was ill, dead, or for other good reason unable to appear, Mr. Weaver must explain the failure to appear. Mr. Weaver must explain the breach of the contract, not the insurer. Potomac Insurance Co. v. Stanley et al., 281 F. (2d), 775, 780; 60 A. L. R. (2d), 1150 and 1151, and authorities there cited.
U * # *
“The argument is advanced that the insurer should have asked for a continuance, and thus delay the trial to get Mr. Ballard to appear. Nothing in the evidence indicates that Mr. Ballard would appear at a future date. He never indicated, so far as the evidence shows, that he was ill, physically unable to at *63 tend, financially unable to attend, or detained because of business or employment reasons. He said he would come, and from then on nothing had been heard from him. It was his contract to appear, attend trials and hearings, and assist his insurer to meet the claims of Mr. Weaver. The failure to meet the obligations of his contract, on which Mr. Weaver relies, has not been explained.
<<# * #
‘ ‘ This court is of the unanimous opinion that the trial court erred in not directing a verdict for the insurer, Buckeye Union Casualty Company.”
The Court of Appeals emphasized the failure of the insured to appear at the original trial as justifying the refusal of the insurance company to defend him and thus permitting a default verdict and judgment to be entered. Of course the failure of the insured to appear at the trial is an important fact, but that is not the only fact requiring consideration. He did report the accident to the company; he went to the company office and gave a detailed and complete disclosure of the pertinent facts in statement form; his deposition was.not taken although he was a traveling salesman and removed to the state of Mississippi; at no time did he refuse to appear and testify; on the contrary he promised that he would appear and that it would not be necessary to advance his expenses; and he asked that he be notified of the date of the trial. Furthermore, the record is silent as to the reason for the failure of the insured to appear at the trial, and counsel for the company made no request for a continuance but withdrew from the case.
Under these circumstances this court is of the view that the trial court was correct in holding that a question of fact was presented for consideration and determination by the jury on the matter of assistance and co-operation by the insured.
In its opinion the trial court expressed no opinion concerning the burden of proof on the issue of assistance and co-operation. The Court of Appeals held that the burden is on the judgment creditor. No Ohio authority was cited. In 72 A. L. R., 1453, appears the following comment concerning the general rule:
“Defense on the ground of the assured’s violation of cooperation clause is an affirmative one on which insurer carries *64 the burden of proof. * * * Somewhat differently stated, there rests upon insurer the burden of proving the facts alleged and relied upon by it as constituting a breach of the clause. * * * A lack of good faith, where relied upon as a ground of defense, must be proved. * * #
“The foregoing rule, or rules, is so little subject to debate as to need no further citation of cases.”
And in 60 A. L. R. (2d), 1153, appears the following further summary of the rule:
“However, most courts considering the question have gone beyond the fact that the insured was not present at the trial, and have inquired whether or not his absence was excusable under the particular circumstances. The majority of these courts have required the insurer to show that the particular circumstances did not justify the insured’s failure to attend the trial. ’ ’
With this view this court is in accord.
The judgment of the Court of Appeals is reversed, and that of the Court of Common Pleas is affirmed.

Judgment reversed.

Zimmerman, Matthias, Kerns and Griffith, JJ., concur.
Taft, J., dissents for the reasons stated by the Court of Appeals.
O’Neill, J., not participating.
Kerns, J., of the Second Appellate District, sitting by designation in the place and stead of Herbert, J.